UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA ANDREWS,                         :

    Petitioner                    :
                                                CIVIL ACTION NO. 3:22-1520

    v.                            :
                                                  (Judge Mannion)

WARDEN USP-CANAAN,                      :

    Respondent                   :

**MEMORANDUM**

**I.    Background**

Petitioner, Joshua Andrews, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 4). Petitioner challenges his placement in the Special Housing Unit ("SHU"). (Doc. 1). Specifically, he claims that he has "no access to defense counsel, legal counsel of any sort or kind, no access to typewriter, paper, pens, erasers, law books, dictionary or real pencils to write to contact courts. Id. He claims that he is "kept in SHU isolated, no contact with family, friends, court or legal counsel" and received "inadequate food,

1

bedding, hygiene, clothing mattress, etc." Id. For relief, he requests to "immediately have an evidentiary hearing to resolve this matter at law." Id.

For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II.     **Legal Standard**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to

screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

### III. Discussion

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484, (1973); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." Leamer, 288 F.3d at 542.

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." See Green v. Bledsoe, Civ. No. 4:10–CV–0059, 2010 WL 1372409, at *1 (M.D.Pa. Apr.5, 2010) (quoting Suggs v. Bureau of Prisons, No. 08–3613, 2008 WL 2966740, at *4 (D.N.J. July 31, 2008)). Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate." Leamer, 288 F.3d at 542. Where a federal inmate is

challenging the conditions of his confinement, the filing of a Bivens[1] action under 28 U.S.C. §1331, the federal counterpart to a §1983 action, is appropriate.

In the instant case, Andrews' challenge to his placement in the SHU is not a challenge to the fact or duration of his confinement. Further, a decision in his favor would not alter his sentence or undo his conviction.

Therefore, his claim is not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather could be pursued through the filing of a Bivens action. See Bedenfield v. Lewisburg, No. 10–1750, 2010 WL 3511507, at *1 (3d Cir. Sept.9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); Green, 2010 WL 1372409, at *2 (dismissing petitioner's §2241 habeas petition challenging SMU placement as not cognizable under § 2241); Woodruff v. Williamson, Civ. No. 3:06–CV–2310, 2009 WL 703200, at *5 (M.D.Pa. Mar.12, 2009) (same). Accordingly, the instant petition will be

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

dismissed without prejudice to Andrews' right to pursue his claims in a properly filed civil rights action.[2]

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 12, 2022**
22-1520-01

---

[2] The court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.